UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR CABELLERO,<br>     Plaintiff,<br><br>v.<br><br>LAURA M. TAYLOR,<br>     Defendant. | Case No. 12-cv-8645<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arthur Cabellero's ("Cabellero") filed suit against defendant Laura M. Taylor ("Taylor") alleging that she violated his constitutional rights by forcing him to sign an Illinois Sex Offender Registration Act Notification Form under duress. Taylor moves to dismiss Cabellero's complaint for improper venue or, in the alternative, to transfer the case for the convenience of parties. For the following reasons, Taylor's motion is denied.

**Background**

In 1999, plaintiff Cabellero was convicted of attempted murder and sentenced to twenty-one years in the Illinois Department of Corrections. Cabellero served part of his sentence with the Illinois River Correctional Facility ("Illinois River") located in the County of Fulton, Illinois. Cabellero had a difficult time during his stay at Illinois River, frequently getting into fights with fellow inmates and verbal altercations with Illinois River guards.

In March 2009, Cabellero was released on parole. However, not long after his release, Cabellero was arrested again for Driving Under the Influence and was re-incarcerated for violating the terms of his parole. Although Cabellero's second stay at Illinois River was better than his first, he continued to get into altercations. On January 28, 2011 Cabellero was to be released again from Illinois River. Defendant Taylor was responsible for interviewing him and preparing the necessary paperwork for his release. Cabellero alleges that Taylor intentionally and maliciously forced him to sign an Illinois Sex Offender Registration Act Notification Form, knowing that he had not been convicted of any sex related offenses. Cabellero alleges that Taylor forced him to sign the form under duress and threatened that he would not be released unless he signed the form. Cabellero signed the form and was later registered as a sex offender

1

when he returned home in the Northern District of Illinois ("Northern District"). Subsequently, Cabellero hired an attorney to assist him in getting his name removed from the Illinois Sex Offender List. The attorney successfully had his name removed.

Cabellero alleges that he suffered emotional distress and that his registration as a sex offender effected his employment opportunities. Cabellero alleges further that evidence of him being registered as a sex offender was used against his fiancé in determining custody of her son. Cabellero brings forth this instant action arguing that Taylor violated his constitutional rights in violation of 42 U.S.C. § 1983. Taylor moves to dismiss Cabellero's complaint for improper venue or, in the alternative, to transfer the case to the Central District of Illinois ("Central District").

**Legal Standard**

Initially, Taylor moves to dismiss Cabellero's complaint for improper venue. Rule 12(b)(3) allows a party to move for dismissal of an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that venue is proper. *Marzano v. Proficio Mortg. Ventures, LLC*, No. 12 C 7696, 2013 U.S. Dist. LEXIS 60108, at *8-9 (N.D. Ill. Apr. 25, 2013). When ruling on a Rule 12(b)(3) motion to dismiss, the Court resolves all factual disputes and draws all reasonable inferences in the plaintiff's favor. *Nagel v. ADM Investor Servs.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). When venue is improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In the alternative, Taylor moves to transfer Cabellero's case to the Central District. 28 U.S.C. § 1404(a) provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The court may transfer venue when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 U.S. Dist. LEXIS 14691, at *10 (N.D. Ill. Aug. 22, 2003).

**Discussion**

Taylor first moves to dismiss Cabellero's complaint for improper venue pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1391(b), a civil action may

be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1406(a) entitles the court to dismiss or transfer a case filed in an improper venue.

The parties dispute whether venue is proper pursuant to 28 U.S.C. § 1391(b)(2). In her motion to dismiss Taylor argues that venue is improper pursuant to § 1391(b)(2) because none of the events giving rise to Cabellero's claims occurred in the Northern District. Cabellero argues that venue here is proper because all the events concerning the publishing of the sex offender information and alleged damages occurred here in the Northern District.

For venue to be proper under § 1391(b)(2), only a "substantial," not a majority, part of the events giving rise to the claim need occur in the venue. *See Caldera Pharms., Inc. v. Los Alamos Nat'l Sec., LLC*, 844 F. Supp. 2d 926 (N.D. Ill. 2012). "If the selected district's contacts are 'substantial,' it should make no difference that another's are more so, or the most so." *Id*. Furthermore, § 1391(a)(2) may be satisfied "by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." *Id*. (internal quotations omitted).

The publishing of the sex offender information in the Northern District of Illinois constitutes a substantial contact between this district and Cabellero's cause of action for purposes of venue. Cabellero alleges that his constitutional rights were violated when Taylor intentionally forced him to improperly sign an Illinois Sex Offender Registration Act Notification Form under duress. While the document was physically signed in the Central District of Illinois, the actual publication and its effects were in the Northern District of Illinois. The majority of events giving rise to Cabellero's claims need not occur here, only a substantial part is sufficient for venue to properly lie within this district. Therefore, venue here is proper.

Next, Taylor argues that Cabellero's complaint should be transferred to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

division to which all parties have consented." The court may transfer venue when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Clear Lam*, 2003 U.S. Dist. LEXIS 14691, at *10; *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). The parties dispute whether transfer would be convenient for the parties and witnesses and in the interests of justice. When evaluating the convenience of the parties and witnesses, courts consider: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience to the parties, and (5) the convenience of the witnesses. *Clear Lam,* 2003 U.S. Dist. LEXIS 14691, at *11.

First, the plaintiff has chosen his home forum, the Northern District of Illinois, which is typically entitled to substantial weight and deference. *See Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001); *see also Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). Taylor is correct that this deference is lessened where a plaintiff chooses a forum that has little connection with the relevant facts giving rise to the litigation. *See Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 992-993 (N.D. Ill. 2012). However, as stated above, Cabellero's complaint is substantially related to the Northern District of Illinois as the Illinois Sex Offender Registration Act Notification Form was published here and Cabellero suffered the consequences of its publication here. Therefore, this factor weighs against transfer.

Second, the situs of material events factor is neutral. Although the alleged constitutional violation of forcing Cabellero to sign the registration form under duress took place in the Central District, Cabellero lives and suffered the effects of the registration form publication in the Northern District. There is some authority in this district for determining that venue is proper in the location in which a plaintiff felt the effects of a decision made in another district. *Digan v. Euro-American Brands, LLC*, No. 10-cv-799, 2010 U.S. Dist. LEXIS 86751, at *10 (N.D. Ill. Aug. 19, 2010). Because the situs of material events is not concentrated in either venue, this factor is neutral.

Third, because documentary and digital evidence "is readily transferable and transporting it generally does not pose a high burden upon either party," the relative ease of access to sources of proof is also neutral. *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 U.S. Dist. LEXIS 86370, at *5 (N.D. Ill. Sept. 18, 2009) (citations omitted). The defendant concedes that "this element may not be highly relevant with the current state of technology," yet argues

4

that "to the extent the Court looks to this element" it weighs in favor of transfer. (Dkt. 9, Def.'s MTD at 5.) However, "an assertion that most of the documentary evidence exists in one location, in and of itself, is insufficient to tip the balance in favor of transfer to that location." *Cont'l Cas. Co.*, 2009 U.S. Dist. LEXIS 86370, at *14. Therefore, this factor is neutral.

Fourth, "in analyzing the convenience of the parties, the Court must consider their respective residence and abilities to bear the expense of trial in a particular forum." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 U.S. Dist. LEXIS 13871, at *12 (N.D. Ill. July 20, 2004). This factor here is neutral as Taylor, a resident located in the Central District, and Cabellero located in the Northern District, would each be equally burdened if the case were not filed in their respective home districts. The parties do not cite to any difficulties they would face in bearing the expense for trial in a particular forum.

As for the convenience of witnesses, Taylor argues that any non-party witnesses, such as keepers of records or employees at the prison, are all located in the Central District. Cabellero argues that his material witnesses including the lawyer he hired to remove his name from the Illinois Sex Offender List, his mother, and his fiancé are all located in the Northern District. The determination of the convenience of witnesses is often considered the most important factor in the transfer balance. *First Horizon Pharm. Corp.*, 2004 U.S. Dist. LEXIS 13871, at *12-13. In assessing the convenience of the witnesses, courts consider the "number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify." *Kammin v. Smartpros, Ltd.*, No. 07 C 2665, 2007 U.S. Dist. LEXIS 75914, at *5-6 (N.D. Ill. Oct. 9, 2007) (internal quotations omitted). In order to prevail on this factor, Taylor must specify the key witnesses to be called and make a generalized statement of their testimony. *Corvenga v. Spectra Med.*, No. 12 C 4846, 2012 U.S. Dist. LEXIS 154541, at *9 (N.D. Ill. Oct. 29, 2012). Taylor "cannot meet [her] burden with only vague statements about the inconvenience imposed by the litigation on non-party witnesses." *Humphries v. Coppercrest Leveraged Mortg. Fund*, No. 10-cv-7756, 2012 U.S. Dist. LEXIS 19543, at *2 (N.D. Ill. Feb. 15, 2012). Taylor identifies three potential Illinois Department of Corrections employees as witnesses, but provides no specific details as to the relevancy of their testimony. Cabellero also identifies three witnesses located in the Northern District. Because a transfer motion will not be granted when it would merely shift inconvenience

from one party to another, this factor weighs against transfer.  *Bank of Am., N.A. v. Illumination Station, Inc.*, No. 10 C 3061, 2011 U.S. Dist. LEXIS 46734, at *13 (N.D. Ill. May 2, 2011).

Lastly, transfer must be in the interests of justice.  The interest of justice analysis relates to the efficient functioning of the courts and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.  *See Clear Lam*, 2003 U.S. Dist. LEXIS 14691, at *9-13.  Factors to consider include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale."  *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009).  Taylor proffers no compelling reasons why transfer would be in the interest of justice.  This factor, therefore weighs against transfer.

**Conclusion**

For the foregoing reasons, the defendant's motion to dismiss for improper venue or to transfer for the convenience of parties is denied.


IT IS SO ORDERED.

Date: June 13, 2013

_____
Sharon Johnson Coleman
United States District Judge