# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR CABELLERO, ) | |
|     Plaintiff, ) | |
| ) | Case No. 12 cv 8645 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| LAURA M. TAYLOR, acting in her Individual ) | |
| Capacity, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Arthur Cabellero's motion for leave to file an amended complaint. For the following reasons, the motion is respectfully denied and the complaint is dismissed in its entirety.

**Background**

On January 28, 2011, Caballero was released from the Illinois Department of Corrections ("IDOC") after having been convicted of attempted murder in 1999 and serving a sentence of 21 years. On the day of his release, Cabellero met with defendant Laura M. Taylor, an IDOC correctional counselor, who was allegedly responsible for preparing the necessary paperwork to facilitate his release. Cabellero alleges Taylor presented to him and demanded that he sign an Illinois Sex Offender Registration Act Notification Form. After initially refusing to sign the form, claiming he had never been accused or convicted of a sexually motivated crime, Cabellero ultimately complied and was released.

Cabellero filed his initial complaint on October 29, 2012, against Taylor in her individual capacity alleging a violation pursuant to 42 U.S.C. §1983. Cabellero's original complaint sought only compensatory damages and specifically stated he did not seek injunctive relief. (Dkt. #1, Compl., p. 6.) Cabellero moved to amend his complaint *instanter* on October 24, 2013. His amended complaint included an additional claim for prospective injunctive relief against four new defendants, including the Illinois State Police, Cook County Department of Corrections, IDOC, and G.A. Godinez, in his official capacity as Director of IDOC. (Dkt. #40, Mot. to Amend, Ex. A.) Cabellero asserts that the Illinois legislature amended the sex offender registration requirements in 2006 to include certain offenses against minors where the offense

1

was "sexually motivated." At the time of his release, a separate form was available to IDOC which specifically fit the crime for which Cabellero was convicted, namely, the Illinois Murderer and Violent Offender Against Youth Registration Act Notification Form. Cabellero was allegedly required to register as a sex offender because Cook County failed to inform IDOC that Cabellero's offense was not sexually motivated.

Defendant opposed Cabellero's motion to amend asserting Cabellero's claim against Godinez is barred by the statute of limitations. Defendant also argues the Eleventh Amendment bars plaintiff's proposed amendments and plaintiff's claim does not relate back. Cabellero submitted a new amended complaint to his reply brief seeking compensatory and punitive damages against defendant Taylor, and injunctive relief only against defendant Godinez. (Dkt. #42, Reply, Ex. A). The Court held oral arguments on April 18, 2014, at which time counsel for Cabellero indicated his intent to dismiss Taylor as a named defendant and pursue his claim for injunctive relief against Godinez only. The Court also allowed further briefing on the motion. Defendant filed a written response but Cabellero did not file a reply.

**Legal standard**

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its complaint with the district court's leave. Fed.R.Civ.P. 15(a)(2). The Court should freely give leave when justice so requires but may deny leave to file an amended complaint in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). An amendment is "futile" if it merely restates a previously determined claim, fails to state a valid theory of liability, or cannot withstand a motion to dismiss. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

**Discussion**

Cabellero's most recent amended pleading seeks injunctive relief against defendant Godinez only. Cabellero contends that IDOC continues to require prisoners to register as sex offenders upon their release even if the crime for which they were convicted was not sexual in nature. Because the offense complained of is ongoing, Cabellero asserts the statute of limitations is inapplicable. Cabellero also maintains that his claim against Godinez for injunctive relief falls within an exception to the Eleventh Amendment immunity rule. Cabellero therefore requests the

Court to enter an order requiring IDOC to retrieve "sexual motivation" information from the counties of conviction prior to a prisoner's release or, in the alternative, requiring Cook County to place a "sexual motivation" finding in the sentencing judgment orders. As expressed at oral argument, the Court is doubtful of its authority to issue such a directive to Cook County officials.

Defendant maintains that Cabellero's proposed complaint still fails to state a claim for relief and the motion to amend should therefore be denied as futile. Defendant argues that requiring a prisoner convicted of a crime against a minor – sexually motivated or not – to register as a sex offender does not raise any federal question or constitutional issue. In support, Defendant directs the Court to *Gilmore v. Sheenen*, 13 C 1265, 2013 WL 949471 (N.D. Ill. Mar. 8, 2013) (Lefkow, J.). The Court finds *Gilmore* factually similar – indeed, nearly identical.

Christopher Gilmore brought a *pro se* civil rights action against the Cook County Department of Corrections seeking, among other things, injunctive relief for requiring him to register as a sex offender even though the underlying crime for which Gilmore was convicted (first degree attempted murder with intent to kill) was not sexually motivated. 2013 WL 949471 at *1. The court dismissed the case outright pursuant to 28 U.S.C. § 1915A for failure to state a claim. The court explained that, to the extent that Gilmore attempted to assert a due process claim, the United States Supreme Court has explicitly rejected such a claim. *Id.* (*citing Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 507 (2003); *In re: Phillip C.*, 354 Ill.App.3d 822, 831–32 (2006)). To the extent that Gilmore alleged his constitutional rights were violated when he was required to register on the sex offender registry, rather than the violence against youth registry, the court found that such a claim also failed. *Id.* Notably, the court determined that Gilmore's only remedy in federal court with respect to his claim that he should not have to register as a sex offender lied in habeas corpus. *Id.* at *2 (*citing Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

The Court notes again that Cabellero was afforded an opportunity to respond to defendant's arguments and legal authority but failed to do so. While the Court must accept all well-pleaded facts as true, it appears that even Cabellero's proposed amended complaint is futile as it would not withstand a motion to dismiss. The Court is cognizant and ever aware of the stigma attached to individuals labeled as sex offenders. Given this stigma, the Court finds Cabellero's allegations that he was required to falsely register as a sex offender as a condition of his release from custody very disturbing. Even more troubling are Cabellero's allegations that

3

IDOC officials maintain any policy or practice of requiring inmates to falsely register as sex offenders. There is a difference between sexual offenses and violent offenses against youth. However, to the extent Cabellero is essentially seeking to challenge the enforcement and interpretation of existing state statutes – namely, the Sex Offender Registration Act, 130 ILCS 150/1, *et seq*. (2004), or the Child Murder and Violent Offender Against Youth Registration Act, 730 ILCS 154/1 *et seq*., – any such remedy lies in state court or should otherwise be taken up with the legislative branch. Accordingly, Cabellero's motion to amend must be denied.

**Conclusion**

For the reasons stated herein, Cabellero's motion to amend is denied. Having stated in open court that he no longer intends to seek relief against defendant Taylor, Cabellero's complaint must be dismissed. The dismissal is without prejudice should Cabellero choose to pursue any type of relief that may be available in state court or by way of habeas corpus.

IT IS SO ORDERED.

_____
Date: September 16, 2014

Sharon Johnson Coleman
United States District Judge